AO 91 (Rev. 11/11)  Criminal Complaint

SEALED

FILED

FEB 13 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Kendell Lashawn Davis | ) | 2:20 - MJ - 036   CKD |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 2, 2019 _____ in the county of _____ Solano _____ in the
_____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

See attached affidavit of FBI Task Force Officer Brian E. Collins.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian E. Collins, FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 02/13/2020 _____

_____
*Judge's signature*

City and state: _____ Sacramento, California _____

Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF TASK FORCE OFFICER BRIAN E. COLLINS IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Brian E. Collins, being duly sworn, state the following:

### Purpose

1. This Affidavit is made in support of a criminal complaint and arrest warrant for:

   **a. Kendell Lashawn DAVIS**

   For the following federal law violations:

   **COUNT 1:**    18 U.S.C. § 922(g)(1) – Felon in possession of a firearm.

### Affiant's Background and Experience

2. I am a Detective with the Vacaville Police Department. I have been a sworn peace officer with the City of Vacaville since May 2015. I am currently assigned to the Vice Team and have been since October 2017, and I served with the Patrol Division for two-and-a-half years before that. Prior to joining the Vacaville Police Department, I served with the Benicia (CA) Police Department for four years, and with the Hercules (CA) Police Department for two years before that. In August 2019, I was cross-designated as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), Sacramento Division, Fairfield Resident Agency. In this role, I am responsible for investigating firearms, narcotics, and gang related activity in Solano County as a member of the Solano County Violent Crime Task Force.

3. I have received thousands of hours of formal training with the Vacaville, Benicia, and Hercules Police Departments. This includes: 1,051 hours at the P.O.S.T. Basic Police Academy (2009); 40-hour Traffic Collision Investigation course (2010); 24-hour Drug Influence course (2012); 40-hour Interview and Interrogation course (2012); 24-hour Canine Tactical Operations course (2013); 40-hour Human Trafficking Investigations course (2017); 80-hour ICI Major Drug Investigations course (2017); 4-hour Internet Profiling and Intelligence Gathering course (2017); 4-hour Informant Management course (2018); 20-hour Human Trafficking Summit (2019); and many other training courses.

4. In addition to my classroom training, I have been involved in well over 100 drug cases and investigated a litany of other crimes, including homicides; felony assaults; robberies, burglaries, and thefts; forgeries; sexual assaults; physical and sexual child abuse; weapons violations; and missing persons. In my career in law enforcement, I have participated in all aspects of criminal investigations, including physical and electronic surveillance, executing search warrants, use of GPS data and tracking devices, interviews, and arrests. In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

/ / /

/ / /

5.     As a result of my training and experience with the Vacaville, Benicia, and Hercules Police Departments, and with the FBI, I am familiar with the state and federal laws pertaining to firearms. I know that it is unlawful under Title 18 of the United States Code for a convicted felon to possess a firearm or ammunition.

6.     This Affidavit is submitted in support of a criminal complaint and arrest warrant charging **Kendell Lashawn DAVIS** with being a previously-convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

7.     The information contained in this Affidavit is based on my review of the reports and files in this case, conversations with other law enforcement personnel involved in this case, and my own personal knowledge. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only those facts I believe are necessary to support probable cause for a criminal complaint and arrest warrant.

## Statement of Probable Cause

8.     On November 2, 2019, Vacaville Police Officer Steven Gunderson was on duty in the area of Orchard Avenue and W. Monte Vista Avenue in Vacaville, California. At around 7:00 p.m., he saw a dark-colored Mercedes Benz driving at what he estimated to be 40 miles per hour, in a 25-mile per hour zone. Officer Gunderson followed the car and matched his patrol SUV's pace with the Mercedes, which indicated that the Mercedes was driving approximately 44 miles per hour. Officer Gunderson activated his patrol SUV's overhead lights and the Mercedes yielded.

9.     As Gunderson got out of his patrol SUV, he saw the driver—later identified as Kendell Lashawn DAVIS—sticking his head out the driver's-side window looking back at the patrol car, while also reaching towards the driver's-side floorboard several times. Given DAVIS's furtive movements, Officer Gunderson approached the Mercedes from the passenger's side. In his report, Officer Gunderson notes that he could smell the strong odor of burnt and fresh marijuana coming from inside the Mercedes. DAVIS said that he had just been smoking marijuana in the car about an hour beforehand, and he (DAVIS) said that he had about an ounce of marijuana in his trunk.

10.    Based on the smell of fresh and burnt marijuana, Officer Gunderson told DAVIS that he was going to search the Mercedes, and he asked DAVIS if there was anything illegal in the car. At that point, DAVIS said he had a firearm at his feet. Officer Gunderson removed DAVIS from the car and detained him in handcuffs.

11.    Officer Gunderson searched the Mercedes and found a black Springfield XD 9mm pistol (s/n: US812525) under the front driver's-side floor mat, where DAVIS had been reaching at the beginning of the traffic stop. The gun had a high-capacity magazine seated in the magazine well. The magazine was loaded with 17 rounds of 9mm ammunition.

12.    Officer Gunderson also found a small plastic bindle of a white powdery substance (≈ 0.38 grams) in the Mercedes' center console. Based on his training and experience, Officer Gunderson recognized the substance to be cocaine.

2

13.     Officer Gunderson ran a records check through police dispatch, who advised that DAVIS had an outstanding misdemeanor arrest warrant out of Sacramento County.  Gunderson also had dispatch check the record for the firearm, which showed that the gun was reported stolen.

14.     Afterwards, Gunderson read DAVIS his *Miranda* rights.  DAVIS acknowledged that he understood his rights and provided the following statement in summary:

> DAVIS said that he bought the gun on the streets in Oakland for $500.  DAVIS said he bought the gun to protect himself, as he has had his life threatened in the past. DAVIS said he put the gun under the floor mat before he started driving.  DAVIS said that his fingerprints and DNA would be on the gun, as he had been touching it earlier in the day.  DAVIS did not think the gun was stolen, but he acknowledged that he did not buy it from an authorized dealer.

15.     After that, Officer Gunderson put DAVIS in the back of his patrol car and took him to the Solano County Jail for booking.

16.     The Springfield pistol DAVIS possessed on November 2, 2019, is a "firearm" as defined in 18 U.S.C. § 921(a)(3).  I know from my training and experience, and from consulting other law enforcement personnel, that firearms manufactured by Springfield are not manufactured in the State of California.  It is my opinion that if this firearm was possessed in California, it necessarily traveled in interstate or foreign commerce to get here.

17.     I have reviewed Kendell DAVIS's criminal history.  His adult criminal record includes the following felony convictions:

    (i)     A felony conviction for unlawful sale of a substitute substance, in violation of California Health and Safety Code, Section 11355 [judgment entered October 18, 2005, in Solano County, California];

    (ii)    A felony conviction for possessing marijuana for sale, in violation of California Health and Safety Code, Section 11359 [judgment entered February 3, 2006, in Santa Clara County, California];

    (iii)   A felony conviction for possessing a stolen vehicle, in violation of California Penal Code, Section 496(d) [judgment entered February 3, 2006, in Santa Clara County, California]; and

    (iv)    A felony conviction for taking a vehicle without consent, in violation of California Vehicle Code, Section 10851(a) [judgment entered December 12, 2006, in Solano County, California].

18.     As a previously convicted felon, DAVIS is prohibited from possessing firearms and ammunition.

/ / /

3

## Request for Sealing

19.     After DAVIS was arrested, he was released on bail at a subsequent hearing in the Solano County Superior Court.  If the Court approves the criminal complaint and arrest warrant requested here, I anticipate taking DAVIS into custody at his next state court appearance, or by conducting surveillance at his house in an attempt to locate him.  Because the penalties for the federal offense DAVIS stands to be charged with are significantly greater than the penalties for the state offenses he is currently charged with, there exists a distinct risk that DAVIS may flee upon learning of this complaint and arrest warrant, or he may arm himself or otherwise take precautions in preparation for execution of the arrest warrant, all of which could jeopardize the arresting officers' safety.  I therefore request that the Court order that all papers in support of this application, including this Affidavit and the arrest warrant, be sealed until further order of the Court.

## Conclusion

20.     Based on the facts above, I request that a criminal complaint and arrest warrant be issued for **Kendell Lashawn DAVIS**, charging him with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Brian E. Collins
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me on February 13, 2020.

Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

/s/

Timothy H. Delgado
Assistant United States Attorney

4

**United States v. Kendell Lashawn Davis**
**Penalties for Criminal Complaint**

**DEFENDANT:**        **1)  Kendell Lashawn Davis**

**COUNT 1:**

VIOLATION:        18 U.S.C. § 922(g)(1) – Felon in possession of a firearm.

PENALTIES:        -- A term of imprisonment for up to 10 years,
                  -- A fine of up to $250,000, or both fine and imprisonment,
                  -- A term of supervised release for up to 3 years.

SPECIAL ASSESSMENT: $100 (mandatory on each count

5