McGREGOR W. SCOTT
United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00037-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| KENDELL LASHAWN DAVIS, | DATE: June 11, 2020 |
| DEFENDANT. | TIME: 9:00 a.m. |
| | COURT: Hon. Troy L. Nunley |

This case is set for a status conference on June 11, 2020.  On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the courthouses to members of the public without official business before the Court until further order, and also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act, referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that

1   any criminal matters that remain on calendar are to be conducted by telephone or video conference to

2   the full extent possible, while allowing exceptions on a case-by-case basis.

3         Although the General Orders address the district-wide health concern, the Supreme Court has

4   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

7   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

8   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10  or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

13  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

14  the ends of justice served by taking such action outweigh the best interest of the public and the

15  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

16  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

17  ends of justice served by the granting of such continuance outweigh the best interests of the public and

18  the defendant in a speedy trial."  *Id.*

19        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

20  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

24  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

25  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

27  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28        In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 11, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until August 20, 2020, at 9:30 a.m., and to exclude time between June 11, 2020, and August 20, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and other evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolutions with his/her client, to prepare pretrial motions.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    contact should the hearing proceed.

2          f)      Based on the above-stated findings, the ends of justice served by continuing the

3    case as requested outweigh the interest of the public and the defendant in a trial within the

4    original date prescribed by the Speedy Trial Act.

5          g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6    et seq., within which trial must commence, the time period of June 11, 2020 to August 20, 2020,

7    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

8    because it results from a continuance granted by the Court at defendant's request on the basis of

9    the Court's finding that the ends of justice served by taking such action outweigh the best interest

10   of the public and the defendant in a speedy trial.

11       4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

12   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

13   must commence.

14       IT IS SO STIPULATED.

15

16   Dated:  June 8, 2020                              McGREGOR W. SCOTT
                                                       United States Attorney
17

18                                                     /s/ PAUL HEMESATH
                                                       PAUL HEMESATH
19                                                     Assistant United States Attorney

20

21   Dated:  June 8, 2020                              /s/ CHRISTINA SINHA
                                                       CHRISTINA SINHA
22                                                     Counsel for Defendant
                                                       KENDELL LASHAWN DAVIS
23

24

25

26

27

28

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 9th day of June, 2020.

Troy L. Nunley
United States District Judge