1  McGREGOR W. SCOTT
   United States Attorney
2  PAUL HEMESATH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                CASE NO.  2:20-CR-037 TLN

12                        Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                 v.                         FINDINGS AND ORDER

14  KENDELL LASHAWN DAVIS,                    DATE: August 20, 2020
                                              TIME: 9:30 a.m.
15                        Defendant.          COURT: Hon. Troy L. Nunley

16

17
          This case is set for a status conference on August 20, 2020.  On March 17, 2020, this Court
18
   issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled
19
   to commence before May 1, 2020.  This General Order was entered to address public health concerns
20
   related to COVID-19.
21
          On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the
22
   Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to
23
   continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the
24
   courthouses to members of the public without official business before the Court until further order, and
25
   also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act,
26
   referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial
27
   emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that
28
   any criminal matters that remain on calendar are to be conducted by telephone or video conference to

                                              1
STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   the full extent possible, while allowing exceptions on a case-by-case basis.

2   Although the General Orders address the district-wide health concern, the Supreme Court has

3   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

4   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

5   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

6   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

7   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

8   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

9   or in writing").

10   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

12   justice continuances are excludable only if "the judge granted such continuance on the basis of his

13   findings that the ends of justice served by taking such action outweigh the best interest of the public and

14   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

15   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

16   the ends of justice served by the granting of such continuance outweigh the best interests of the public

17   and the defendant in a speedy trial."  *Id.*

18   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

19   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

20   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

21   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

22   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

23   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

24   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

25   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

26   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

27   In light of the societal context created by the foregoing, this Court should consider the following

28   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1    justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

2    for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3    pretrial continuance must be "specifically limited in time").

## STIPULATION

5    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6    through defendant's counsel of record, hereby stipulate as follows:

7        1.    By previous order, this matter was set for status on August 20, 2020.

8        2.    By this stipulation, defendant now moves to continue the status conference until October

9    22, 2020, at 9:30 a.m., and to exclude time between August 20, 2020, and October 22, 2020, under

10   Local Code T4.

11       3.    The parties agree and stipulate, and request that the Court find the following:

12           a)    The discovery associated with this case is consists of a police report and videos,

13   which have been produced to defense counsel and marked with Bates numbers 1 through 106.

14           b)    Defense counsel has requested that the government confirm that there are no

15   additional police reports.  The government is in the process of doing so.

16           c)    The parties are currently engaged in plea negotiations. Counsel for the defendant

17   desires additional time to conduct investigation and research related to the charges and the

18   United States Sentencing Guidelines, to review discovery, and to continue plea negotiations with

19   the government.

20           d)    Counsel for defendant believes that failure to grant the above-requested

21   continuance would deny counsel the reasonable time necessary for effective preparation, taking

22   into account the exercise of due diligence.

23           e)    In addition to the public health concerns cited by General Order 611 and

24   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

25   this case because counsel or other relevant individuals have been encouraged to telework and

26   minimize personal contact to the greatest extent possible.

27

28   ---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1        f)      The government does not object to the continuance.

2        g)      Based on the above-stated findings, the ends of justice served by continuing the

3 case as requested outweigh the interest of the public and the defendant in a trial within the

4 original date prescribed by the Speedy Trial Act.

5        h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6 et seq., within which trial must commence, the time period of August 20, 2020 to September 28,

7 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

8 T4] because it results from a continuance granted by the Court at defendant's request on the basis

9 of the Court's finding that the ends of justice served by taking such action outweigh the best

10 interest of the public and the defendant in a speedy trial.

11        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

12 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

13 must commence.

14        IT IS SO STIPULATED.

16

17  Dated:  August 18, 2020                McGREGOR W. SCOTT
                                        United States Attorney

18

19                                    /s/ PAUL HEMESATH
                                    PAUL HEMESATH
                                    Assistant United States Attorney

20

21

22  Dated:  August 18, 2020                /s/ CHRISTINA SINHA
                                    CHRISTINA SINHA
                                    Counsel for Defendant
                                    KENDELL LASHAWN DAVIS

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME       4
PERIODS UNDER SPEEDY TRIAL ACT

1

**FINDINGS AND ORDER**

2

IT IS SO FOUND AND ORDERED this 18th day of August, 2020.

3

4

5

6                                      _____
                                       Troy L. Nunley
7                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                5
PERIODS UNDER SPEEDY TRIAL ACT