| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, SBN 122664 |
| | Federal Defender |
| 2 | CHRISTINA SINHA, SBN 278893 |
| | Assistant Federal Defender |
| 3 | Designated Counsel for Service |
| | 801 I Street, Third Floor |
| 4 | Sacramento, CA 95814 |
| | T: (916) 498-5700 |
| 5 | F: (916) 498-5710 |

Attorneys for Defendant
KENDELL LASHAWN DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-37-TLN-1 |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO REMOVE SPECIAL CONDITION 6 OF DEFENDANT'S TERMS OF SUPERVISED RELEASE** |
| KENDELL LASHAWN DAVIS, | |
| Defendant. | Judge: Hon. Troy L. Nunley, Chief District Judge |

IT IS HEREBY STIPULATED and agreed by and between Acting United States Attorney Michele Beckwith, through Assistant United States Attorney Alstyn Bennett, counsel for Plaintiff; and Federal Defender Heather Williams, through Assistant Federal Defender Christina Sinha, counsel for Mr. Davis, that Special Condition 6 can be removed from Mr. Davis' conditions of supervised release, and respectfully move this Honorable Court so to find. The assigned probation officer is supportive of this request, and the government does not oppose this request.

**I.     Background.**

The defense has provided the following background in support of the parties' stipulation, which is contained at Section II. On April 27, 2023, Mr. Davis was *inter alia* sentenced to time served and 36 months of supervised release, with all 36 of those months to be served on home detention. Dkt. 73, 75. His home detention condition authorized him to do overnight stays away from home as part of his employment with Union Pacific Railroad. *Id.*

On August 09, 2023, at Probation Officer Paul Mamaril's request, the Court modified Mr. Davis' conditions of supervised release to amend Special Condition 6 (Location Monitoring) to its current version, which reads:

> You will be monitored for a period of 36 months, with location monitoring technology, which may include the use of Radio Frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or Virtual Monitoring Technology, at the discretion of the probation officer, and comply with its requirements.
>
> The location monitoring technology will be used to monitor the following restriction on your movement in the community:
>
>> You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court (Stand Alone Monitoring). Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
>
> You must follow the rules and regulations of the location monitoring program. Your co-payment will be determined utilizing a Sliding Fee Scale based on your disposable income.

Dkt. 77 at 2; *cf.* dkt. 76 at 2 (containing the original language of Special Condition 6 imposed at sentencing). Officer Mamaril requested the above language because Mr. Davis' employment occasionally required out of district travel, as well as frequent overnight stays on most shifts, and the old version of Special Condition 6 restricted his movement in the community in a way that interfered with his employment. Dkt. 77 at 2.

Mr. Davis has remained continuously employed with Union Pacific Railroad since October 2022 (when he started his paid training with them) and became a full employee with the title brakeman / conductor / switchman on February 23, 2023. He was sentenced two months later as detailed above, and he has remained fully compliant with his conditions of supervised release. He remains the sole breadwinner for his family, though his partner has plans to enroll in training so that she can do part-time work from home, now that their youngest child is in school.

Mr. Davis is doing very well at his employment. He has now earned a place at the

company's engineering school, and if he completes that training and becomes an engineer, he will greatly increase his financial stability and advance in his career. The position would also be much less physically strenuous. Engineering training is extremely competitive to get into, so it is a commendable achievement that he was able to secure a spot in the training program. It is not at all lost on him that he is in this position because of the Court, Pretrial Services, Probation, and his own dedicated efforts to stay on the right path and take care of his family. He is exceedingly grateful to the foregoing entities, as well as to the U.S. Attorney's Office for agreeing to the instant stipulation. He is also very mindful of the Court's admonitions to him at the time of his sentencing, and his conduct since then has demonstrated clearly that he took the Court's advice to heart.

Unfortunately, his ankle monitor is hindering his ability to secure a spot as an engineer; because the program he hopes to start soon is so competitive, the ankle monitor will be viewed as a negative point against him and could hinder his ability to obtain a position that he would otherwise be fully qualified for. As of the date of this filing, Mr. Davis will have completed nearly 22 months on ankle monitor without issue.

**II.     Stipulation.**

Based on the defense's representations in Section I, which the government has conferred with the assigned Probation Officer about, the parties hereby stipulate that Special Condition 6 of Mr. Davis' terms of supervised release may be deleted.[1] All other conditions of supervision will remain in place.

**III.    Conclusion.**

For the foregoing reasons, the defense (with no objection from the government and with the support of the Probation Officer) respectfully moves this Honorable Court to adopt the instant stipulation in its entirety as its Order.

*The remainder of this page is intentionally blank. Signature blocks immediately follow.*

---

[1] As there are only six special conditions, deleting this condition will not require a renumbering of the others.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 21, 2025

*/s/ Christina Sinha*
CHRISTINA SINHA
Assistant Federal Defender
Attorneys for Defendant
KENDELL LASHAWN DAVIS

Date: February 21, 2025

MICHELE BECKWITH
Acting United States Attorney

*/s/ Alstyn Bennett*
ALSTYN BENNETT
Assistant United States Attorney
Attorneys for Plaintiff

**ORDER**

The Court, having received and considered the parties' stipulation to remove Special Condition 6 of the defendant's terms of supervised release, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its Order.

Special Condition 6 of the defendant's terms of supervised release is hereby removed. All other conditions of supervision remain in place.

IT IS SO ORDERED.

DATED: February 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE